MARC S. HINES (SBN 140065)
mhines@hinessmith.com
MICHELLE L. CARDER (SBN 174481)
mcarder@hinessmith.com
NICOLE M. HAMPTON (SBN 189024)
nhampton@hinessmith.com
**HINES SMITH CARDER DINCEL BLAND**
3080 Bristol Street, Suite 540
Costa Mesa, California 92626
Tel.: (714) 513-1122
Fax: (714) 513-1123

Counsel for Defendants,
**ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY** and **AMCO INSURANCE COMPANY**

# THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARINDERPAL AHLUWALIA dba WALIA'S COUNTRY MARKET,<br><br>Plaintiff,<br><br>vs.<br><br>ALLIED PROPERTY AND CASUALTY INSURANCE, AMCO INSURANCE COMPANY, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:10-CV-00712-MCE-JFM<br><br>**AMENDED STIPULATED PROTECTIVE ORDER** |

**TO THE COURT, ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

**IT IS HEREBY STIPULATED AND AGREED** to, by and between the parties to this action, through their respective attorneys of record, JERRALD K. PICKERING II of PICKERING LAW CORPORATION for Plaintiff HARINDERPAL AHLUWALIA dba WALIA'S COUNTRY MARKET ("Plaintiff") and MARC S. HINES of HINES SMITH CARDER DINCEL BLAND for Defendants, ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY and AMCO INSURANCE COMPANY ("Defendants") that certain documents produced in connection with discovery proceedings in this action shall

be subject to the following confidentiality agreement and protective order ("the Agreement"):

1. The documents that are the subject of this Agreement include (a) any proprietary and confidential documents of AMCO containing trade secret and/or other confidential research, development, financial or commercial information, and which Defendants contend are protected by trade secret privileges under California <u>Civil Code</u> §3426 *et seq.* and California <u>Evidence Code</u> §1060 and/or constitute privileged financial information, which Defendants are or may be asked to produce to Plaintiff pursuant to discovery procedures while the above-referenced action is pending and marked by Defendants as "CONFIDENTIAL"; and, (b) any proprietary and confidential documents of Plaintiff and/or his vendors and/or suppliers containing trade secret and/or other confidential financial or commercial information, and which Plaintiff contends are protected by trade secret privileges under California <u>Civil Code</u> §3426 *et seq.* and California <u>Evidence Code</u> §1060 and/or constitute privileged financial information, which Plaintiff is or may be asked to produce to Defendants pursuant to discovery procedures while the above-referenced action is pending and marked by Plaintiff as "CONFIDENTIAL" ("Confidential Documents"). Confidential Documents may be marked by Plaintiff and Defendants as "CONFIDENTIAL" at any time, regardless of when produced. Further, stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by Plaintiff and/or Defendants.

2. The Confidential Documents, and all copies, extracts therefrom, excerpts, summaries, compilations, testimony, conversations, presentations by parties or counsel to or in court, or in any other settings that might reveal information learned from or contained in the Confidential Documents, are confidential and proprietary in nature and protected by privacy rights and trade secret laws. It is the intent of the parties hereto to preserve the confidentiality of

the Confidential Documents and the information learned or derived from them. The Confidential Documents and the information learned or derived from them are not to be used in any fashion other than for purposes of this litigation, and are not to be disclosed to any third parties except as set forth in this Agreement, and are to be kept confidential to the greatest extent possible, even within the confines of this litigation.

      3.     In the event Plaintiff and/or Defendants mark any document or testimony as "CONFIDENTIAL" which the other party believes is not protected by any trade secret privilege or is not confidential or proprietary in nature, the parties shall within thirty (30) days of request of the objecting party, meet and confer in good faith regarding removal of the "CONFIDENTIAL" designation.  In the event the parties are unable to reach an agreement regarding designation of the documents as Confidential Documents subject to this Agreement or designation of testimony as subject to the restrictions of this Agreement, the objecting party shall move the Court for an order de-designating the subject documents as "CONFIDENTIAL," and nothing within this Agreement or corresponding Order shall preclude the objecting party from making such motion.  The burden of persuasion of any challenge proceeding shall be on the non-objecting party, as applicable.  The parties agree to continue to afford the disputed material confidential protection until the Court rules on any such motion.

      4.     The parties agree neither shall need to file a motion for protective order in relation to documents to be produced in discovery hereunder.

      5.     Immediately following the conclusion of this litigation, either by settlement, judgment, dismissal or otherwise, each party's counsel shall return to the counsel for the producing party the Confidential Documents produced by that other party, including any copies, extracts, summaries or other compilations of confidential information they made of or from the Confidential Documents and information contained therein.  Counsel shall not discuss the Confidential

Documents or information gleaned from the Confidential Documents at all with any party at any time after conclusion of this litigation.

6. The Confidential Documents shall be disclosed only to:

    a. The Court and its officers in accordance with Paragraph 8 herein;

    b. Counsel of Record, as listed in the signature blocks below, and the staff assigned to assist Counsel of Record in this matter;

    c. Any experts or consultants retained by any of the Parties, provided such expert or consultant agrees to be bound by this agreement and order and complies with Paragraph 7 herein;

    d. Witnesses during depositions in accordance with Paragraph 9 herein;

    e. Persons recording testimony involving such Confidential Documents or information contained therein, including court reporters, stenographers and audio and/or video technicians, and clerical staff employed by any of the foregoing;

    f. Mediators who may be authorized by the parties to mediate the case; and

    g. Such other persons as hereafter may be designated by written stipulation of the parties, or by the Order of the Court.

To "disclose" the Confidential Documents means to provide, in any format, the Confidential Documents, or any one or part of them, to provide, in any format, any documents which discuss the Confidential Documents, or to discuss or refer to any of the contents of the Confidential Documents.

7. The Confidential Documents shall be disclosed to an expert or consultant under Paragraph 6 of this Agreement only upon the expert or consultant signing Exhibit 1 to this Agreement. Said expert or consultant witnesses shall not disclose the Confidential Documents to any person or entity. Said expert or consultant shall return the Confidential Documents and all copies thereof,

including extracts and/or summaries of the Confidential Documents containing information taken from the Confidential Documents, to the party's respective counsel at the conclusion of the litigation.  The original of such signed Exhibit 1 shall be retained by counsel for each party who intends to or does provide such expert or consultant any such Confidential Documents, until the conclusion of the above-captioned action, including any appeals.  If requested to do so by counsel for any party, counsel shall provide a copy of such declarations to counsel making the request, unless such disclosure would provide information not otherwise subject to discovery (e.g., identification of non-testifying consultant experts or retained experts prior to expert disclosure date or identification of potential witnesses in violation of work product protection or any privilege).  The parties agree not to use these declarations for any purpose other than monitoring and enforcing compliance with this Agreement and Order.  The parties further agree to treat the declarations as confidential.

8. The Confidential Documents, and any documents or testimony disclosing its contents, shall be treated as confidential.  Without written permission from the producing party's counsel, or a court order secured after appropriate notice to all interested parties, no party may file in the public record in this action any Confidential Documents.  Any party that wishes to file under seal any Confidential Documents in connection with a motion, trial or appeal in this action, must comply with applicable local and civil rules.

9. During any deposition in which any of the Confidential Documents or confidential material subject to this Agreement are offered as an exhibit, or a witness is questioned about the specific contents of same, whether or not offered as an exhibit, all persons present at the deposition shall agree to observe the confidentiality of the Confidential Documents, the material and the terms of this Agreement. Said agreement shall be placed on the record at the deposition, and this Agreement shall be made an exhibit to the deposition.  No witness shall be

1 permitted to take any of the Confidential Documents, or any copies of same, from
2 the deposition, nor shall they be permitted to retain any of the Confidential
3 Documents, nor shall they be permitted to disclose any of the Confidential
4 Documents or information gleaned therefrom.  Within thirty (30) days of receipt of
5 the original or a certified copy of the deposition transcript, if any party contends
6 testimony pertaining to any document marked "CONFIDENTIAL" is subject to
7 this Agreement, counsel for such party shall provide written notice to counsel for
8 the remaining parties of the page and line numbers so designated.  If a document
9 designated as "CONFIDENTIAL" is used as an exhibit at a deposition, that
10 document and the deposition testimony concerning it shall be deemed
11 "CONFIDENTIAL" matter regardless of whether a party makes any formal
12 designation thereof in connection with the deposition.  If any portion of a
13 deposition transcript is designated and/or deemed a "CONFIDENTIAL" matter,
14 including exhibits, any production or lodging of the transcript in its entirety shall
15 be produced and/or lodged under seal pursuant to Paragraph 8, above.

16        10.    The parties reserve the right to seek an order from the Court, on
17 noticed motion, to modify or change this Agreement, including the right to have
18 documents designated as "confidential" deemed not confidential.  This Agreement
19 and the Confidential Documents governed hereby can only be deemed not
20 confidential by an order of the Court upon motion or by stipulation.
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

11. Notwithstanding the termination of this action by settlement, judgment, dismissal or otherwise, the United States District Court – Eastern District shall retain jurisdiction to enforce this Agreement for a period of no more than two years from the date of settlement, judgment or dismissal of this action.

**IT IS SO STIPULATED.**

Dated: June 13, 2011              PICKERING LAW CORPORATION

                                  _____
                                  Jerrald K. Pickering
                                  Attorney for Plaintiff
                                  Harinderpal Ahluwalia
                                  dba Walia's Country Market

Dated: June 13, 2011              HINES SMITH CARDER DINCEL BLAND

                                  _____
                                  Marc S. Hines
                                  Attorneys for Defendants
                                  Allied Property and Casualty Insurance Company
                                  and AMCO Insurance Company

### ORDER

Based upon the foregoing joint stipulation of the parties,

IT IS SO ORDERED.

Date: June 20, 2011

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

I, _____, declare:

1.     I hereby acknowledge that I have read the Stipulated Protective Order regarding the Confidential Documents (hereinafter "Order") in the case of *Harinderpal Ahluwalia dba Walia's Country Market v. Allied Property and Casualty Ins. Co., et al.,* United States District Court, Eastern District, Sacramento Division, Case No. 2:10–CV–00712-MCE-JFM  (the "Lawsuit") and I understand the terms of the Order and agree to abide by and be bound by the terms of the Order.

2.     I further acknowledge that I understand that the Confidential Documents may not be disclosed to anyone, except as authorized by this Order.

3.     I further acknowledge that the Confidential Documents may not be used for any purpose other than as required for my work in the Lawsuit.  I further understand and acknowledge that any dissemination or use of such Confidential Documents or information in a manner inconsistent with the Order may subject me to contempt proceedings.

4.     I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

5.     Upon final dissolution of the Lawsuit, I shall return all copies of the Confidential Documents to the attorney, entity or person that retained me or my firm in the Lawsuit, or that provided me with the Confidential Documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: _____         By: _____